IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

VANESSA R. COGDILL,
    Plaintiff,

No. V-26-086

JURY DEMAND

vs.

MORGAN M. CANTRELL in his individual capacity,
SHERIFF STEVE LAWSON, in his individual capacity, and
BRADLEY COUNTY, TENENSSEE,
    Defendants.

FILED

2026 FEB 12 AM 9: 25

GAYLA H. MILLER
CIRCUIT COURT CLERK

## VERIFIED COMPLAINT

Comes the Plaintiff for her cause of action would state as follows:

### I.   PARTIES

1.    Plaintiff, Vanessa R. Cogdill, is a citizen and resident of Bradley County, Tennessee residing at 135 Swafford Lane, NW, Charleston.

2.    Defendant Morgan M. Cantrell is believed to be a citizen and resident of Bradley County and was at all times material to the allegations in this Complaint, employed by the Bradley County Sheriff's Department. At all times relevant to the events at issue in this case, Defendant Morgan was acting under color of law and within the scope of her employment with Bradley County. Defendant is sued in her individual capacity.

3.    Defendant Steve Lawson was at all times material to the allegations in this Complaint, the Bradley County Sheriff. As such, he was acting under color of law. At all times relevant to the events at issue in this case, Defendant Steve Lawson promulgated rules, regulations, policies, and procedures at the Bradley County Sheriff's Office. Defendant Steve Lawson is responsible for supervising all staff and managing all operations at the Bradley County Sheriff's Office. He is sued in his individual and

1

EXHIBIT
1

official capacities.

4. Defendant Bradley County, Tennessee is a political subdivision of the State of Tennessee operating the Bradley County Sheriff's Department which is responsible for the hiring, training, supervision, and discipline of the employees of the Bradley County Sheriff's Department.

5. Bradley County, Tennessee is believed to have established or delegated to Defendant Sheriff Lawson with the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by the Bradley County Sheriff's Department regarding treatment of inmates and the use of force as well as the responsibility for the hiring, training, supervision, and discipline of the deputies and jail personnel at the Bradley County Detention Facility.

6. Plaintiff will seek to amend this Complaint to set forth their true names and capacities of the policy makers when they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of these named defendants is responsible in some manner for the discriminatory actions alleged herein and that each is a resident of Bradley County, Tennessee and thus is subject to the jurisdiction of this Court.

## II. FACTS

7. On February 12, 2025, Plaintiff was working as a substitute teacher at Walker Valley High School where her minor child attended as a student and where Defendant Cantrell was assigned as a School Resource Officer ("SRO").

8. Plaintiff's and her minor child arrived together at Walker Valley High School.

9. During the trip to school Plaintiff and her minor child argued about the child being late to attend school on-time.

2

10. Plaintiff sought to detain child once they arrived at Walker Valley High School in her vehicle to keep his cell phone in a disciplinary measure.

11. The child was able to exit Plaintiff's vehicle and enter the school.

12. On the morning of the events giving rise to this Complaint, Plaintiff's minor child reported to Defendant Cantrell at approximately 8:30 a.m. that Plaintiff had "grabbed him forcefully" while the two of them were still in the Plaintiff's vehicle in the parking lot prior to entering the building at Walker Valley High School.

13. Defendant Cantrell did not observe any markings on Plaintiff's minor child.

14. The minor child's clothes were not torn nor was his lanyard ripped or destroyed.

15. Defendant Cantrell detained Plaintiff to discuss her child's report to her.

16. No reasonable person would have felt free to leave Defendant Cantrell.

17. Plaintiff complied with Defendant Cantrell's questioning and acknowledged that she argued with her child as they went to Walker Valley High School together in Plaintiff's vehicle because he failed to wake up to go to school on time.

18. Plaintiff acknowledged that she had attempted to keep her child from exiting her vehicle when they arrived at Walker Valley High School to take his cellphone.

19. The consistent story was that Plaintiff and her child argued on their trip to Walker Valley High School about the child's failure to wake up to get to school on time and that Plaintiff tried to keep the child from exiting the vehicle once they arrived at school.

3

20. Upon entering the school, the child was able to freely discuss his concerns with Defendant Cantrell.

21. The minor child's lanyard and clothing were not ripped, damaged or altered through Plaintiff's attempts to seize her child's cell phone.

22. Defendant Cantrell acknowledged that there were no visual markings on the minor child which would have indicated any type of abuse or violent touching by Plaintiff.

23. Plaintiff affirmatively states that she did not exhibit any aggressive behavior or make any threatening movements.

24. Plaintiff was not a harm to herself or others.

25. At all relevant times both before and after Plaintiff's arrest, no exigent circumstances existed.

26. Despite an absence of articulable facts that would cause a reasonable officer to believe an individual committed domestic assault, Defendant Cantrell arrested Plaintiff on charges of Domestic Assault pursuant to Tennessee Code Annotated §39-13-101.

27. Defendants had no probable cause to seize Plaintiff.

28. Defendants had no justification to arrest Plaintiff.

29. The actions of the Defendants, individually, jointly, and/or in concert with one another, were the direct and proximate cause of the damages Plaintiff suffered.

30. At the time of the incidents alleged herein and before, Plaintiff was emotionally and physically healthy, active, and fully capable of engaging in normal day-to-day activities.

31. Because of the unjustified arrest based upon allegations of domestic assault upon her child who was a minor, Plaintiff's employment as a substitute teacher was terminated and her earning capacity has been significantly impaired.

4

32. Plaintiff incorporates the foregoing factual allegations as additional and supplemental facts into each of the following paragraphs without restating the same *verbatim*.

### III. CAUSES OF ACTION

### COUNT I: Violation of Civil Rights

33. Plaintiff brings this claim under 42 U.S.C. § 1983 and the Tennessee Governmental Tort Liability Act ("TGLTA") for violation of her civil rights.

34. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right not to be deprived of liberty without due process of law; b) the right to be free from false arrest; and c) the right to be free from governmental interference with her childrearing decisions absent a compelling state interest.

35. Defendant Cantrell violated Plaintiff's Fourth and Fourteenth Amendment Rights by subjecting her to an unreasonable seizure and detention without any reason to suspect she was involved in criminal activity and then escalated her detention to an arrest for domestic assault under <u>Tennessee Code Annotated</u> §39-13-101 without probable cause or a warrant while undermining her parental rights. Defendant Cantrell relied upon the initial report made by the parties' minor child to detain Plaintiff disregarding Plaintiff's explanation for disciplinary measures and no marks or offensive physical contact towards Plaintiff's minor child.

36. Plaintiff respectfully complied with Defendant Cantrell's detention to explain to him the circumstances surrounding her attempt to keep her child from leaving the vehicle when they arrived together at Walker Valley High School. Plaintiff's minor child was late to go to

5

school. Both Plaintiff and her child admitted to Defendant Cantrell they argued about being late to school during their route to Walker Valley High School. In Tennessee, being frequently late to school can lead to truancy charges as unexcused, accumulated late arrivals are treated as part of the five (5) day unexcused absence threshold per Tennessee Code Annotated § 49-6-3007. Parents have a constitutionally protected right to raise their children as they see fit. Pierce v. Soc'y of Sisters, 268 U.S. 510, 534–35 (1925). Here, Plaintiff sought to revoke her child's privilege, his cell phone, because of his failure to be ready to attend school on time. Plaintiff's child exited the vehicle and reported the incident to Defendant Cantrell.

37. Without injury to Plaintiff's minor child, Plaintiff should have been free to go as Plaintiff committed no crime. Instead, Defendant Cantrell seized and arrested Plaintiff without probable cause or a warrant in violation of her constitutional rights.

38. Defendant Lawson directed and approved Plaintiff's unconstitutional arrest by knowingly failing to prevent Defendant Cantrell from violating Plaintiff's Fourth Amendment Rights based upon an unlawful policy, custom, or practice requiring that individuals be detained absent reasonable suspicion in domestic assault cases and ultimately arrested. Further, Defendant Lawson directed and approved the violation of Plaintiff's Fourteenth Amendment Rights by disregarding her choice to discipline her child by removing his cell phone privileges.

39. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized arrest by charging her with domestic assault without probable cause or a warrant in violation of Plaintiff's rights under the Constitution of the United States, the TGLTA and interfering with Plaintiff's liberty interest to direct the discipline of her child.

40. As a direct and proximate result of the violation of her Constitutional rights by the

6

Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983 and the TGLTA

41. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

### COUNT II: Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

42. Defendant Lawson, as the Sheriff and policy maker for Bradley County has a custom, pattern, practice, and/or procedure of inadequately training officers in arrests for domestic assaults pursuant to Tennessee Code Annotated §39-13-111 as opposed domestic abuse pursuant to Tennessee Code Annotated §36-3-619 where the statutorily preferred response of the office is arrest.

43. The failure of Defendants Sheriff Lawson and the Bradley County Sheriff's Department to adequately train, supervise, and discipline Defendant Cantrell amounts to deliberate indifference to the rights of Plaintiff to be free from illegal seizure as guaranteed by the Constitution of the United States.

44. The failure of Defendants Sheriff Lawson and the Bradley County Sheriff's Department to adequately train, supervise, and discipline Defendant Cantrell amounts to deliberate indifference to the rights of Plaintiff to be free from warrantless arrest guaranteed under the Constitution of the United States.

45. As a result of this deliberate indifference to Plaintiff's rights, Plaintiff suffered personal injuries and economic damages for which she is entitled to relief under 42 U.S.C. §1983, specifically Plaintiff suffered emotional distress, lost wages, and diminished earning capacity.

7

46. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights including but not limited to: a) the right not to be deprived of liberty without due process of law; b) the right to be free from false arrest; and c) the right to be free from governmental interference with her childrearing decisions absent a compelling state interest.

47. Plaintiff avers that requiring Defendants Sheriff Lawson and Bradley County Sheriff's Department to revise exiting policies or adopt new policies, including training curriculum and procedures, for officers on the criteria for making an arrest based upon allegations of assault by a child against the child's parent for acts alleged to have occurred outside of the officer's presence and where there are no visible signs of abuse will reduce if not prevent the likelihood of Plaintiff and other persons from having their Constitutional rights violated, including the liberty interest of parents to direct the upbringing, education, and discipline of their children guaranteed to them under the Fourteenth Amendment.

48. Plaintiff avers that the Defendants, individually and collectively, will continue to violate the Constitutional Rights of the citizens by unlawfully seizing persons and subjecting them to unreasonable seizure and wrongful arrests absent injunctive relief.

49. Plaintiff avers that the Defendants, individually and collectively, will continue to perpetuate the violations of the Constitutional Rights of the citizens absent prospective relief requiring Defendants Sheriff Lawson and Bradley County Sheriff's Department to undertake additional training for employees on seizures of parents whose minor child make unsubstantiated allegations of assault occurring outside of the officer's presence when there are no visible signs of assault or abuse.

50. Plaintiff avers that the Defendants will continue to perpetuate the violations of the

8

Constitutional Rights of the citizens of Tennessee absent prospective relief requiring Defendants Sheriff Lawson and Bradley County Sheriff's Department to revise existing training curriculum or to adopt new training and proficiency measures to ensure that officers are knowledgeable of the legal requirements of Tennessee Code Annotated §39-13-111 as opposed to the requirement of domestic abuse pursuant to Tennessee Code Annotated §36-3-619.

**COUNT III: Tennessee Governmental Tort Liability Act
Pursuant to Tenn. Code Ann. §29-20-101/Tennessee Common Law**

51. Each of the Defendants owed Plaintiff a duty to use due care at or about the time of the aforementioned incident.

52. The negligence and breach of their duty to use due care, directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

53. Defendant Lawson as the Sheriff and policy maker for Bradley County has a custom, pattern or practice and/or procedure of inadequately training officers in arrests in domestic assaults.

54. Defendants Sheriff Lawson and the Bradley County Sheriff's Department were negligent in the training of Defendant Cantrell and failed to train him on appropriate police-citizen interactions.

55. Defendants Sheriff Lawson and the Bradley County Sheriff's Department were negligent in in the training of Defendant Cantrell for when it is appropriate to seize and arrest a parent on charges of Domestic Assault Tennessee Code Annotated §39-13-111 based upon unsubstantiated allegations by the parent's child for actions which are alleged to have occurred outside the officer's presence and there are no visible markings or indications of abuse or offensive touching.

9

56. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

## COUNT IV
### Assault & Battery

57. The conduct of Defendant Cantrell to detain Plaintiff at her place of work without probable cause, a warrant or obtaining Plaintiff's knowing consent constituted common law battery through harmful, offensive touching.

58. As a direct and proximate result of the unlawful acts of Defendant Cantrell, Plaintiff has incurred economic damage in an amount to be determined at trial which includes a loss of gainful employment and damage to her reputation which she still suffers.

## PRAYERS FOR RELIEF

WHEREFORE Plaintiff demands:

1. A trial by a JURY and that a judgment be entered against Defendants, jointly and severally, as follows:

1. Compensatory damages of at least Two Hundred Thousand Dollars ($200,000.00) or such other amount supported by the evidence at trial;

2. Punitive damages in an amount to sufficiently deter Defendants from engaging in future behavior as described in this Complaint;

3. Attorneys' fees and costs of suit as provided by 42 U.S.C. §1988;

4. Prospective and Injunctive relief to prevent future violations of Plaintiff's Constitutional civil rights and the rights of other citizens while in the custody of the Defendants;

5. Pre- and post-judgment interest at the legal rate; and

6. Any and all other and further relief as the Court deems appropriate, including but

10

not limited to, an apology from Defendants.

**Respectfully submitted,**

**VANESSA R. COGDILL, Plaintiff**

**VERIFICATION**

STATE OF TENNESSEE )
COUNTY OF BRADLEY )

  I, Vanessa R. Cogdill, do solemnly make oath that the facts and matters stated in the foregoing complaint are true to the best of my knowledge, information and belief.

_____
Vanessa R. Cogdill

Sworn to and subscribed before me this ___4___ day of _Februacy_, 2026.

_____
Notary Public for the State of Tennessee
My Commission Expires _04-25-20__

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

### SUMMONS

*Jury Demand*

CIVIL ACTION NUMBER _____

Vanessa R Cogdill ) VS. Morgan M Cantrell )
_____ ) Sheriff Steve Lawson )
_____ ) Bradley Co, TN )
Plaintiff (s) Defendant (s)

To the above-named defendant(s): Sheriff Steve Lawson

You are hereby summoned and required to serve upon Vanessa Cogdill, plaintiff's attorney, whose address is 135 Swafford LN, NW, Charleston TN 37310 a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 12th day of February , 20 26 .

Gayla H Miller Ramyal Grant
Clerk Deputy Clerk

## RETURN

I received this summons on the _____ day of _____, 20 _____.

I:

    [ ] served this summons and a complaint on defendant _____ in the following manner:

_____

_____

_____

    [ ] failed to serve this summons within 30 days after its issuance because:_____

_____

_____

Process Server_____

## NOTICE

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

Case 1:26-cv-00078-CLC-MJD Document Filed 03/16/26 Page 12 of 18 PageID #: 15

# STATE OF TENNESSEE
## THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

### SUMMONS

Jury Demand

CIVIL ACTION

NUMBER V-26-086

Vanessa R Cogdill ) VS. Morgan M Cantrell )
) Sheriff Steve Lawson )
) Bradley Co, TN )

Plaintiff (s)                          Defendant (s)

To the above-named defendant(s): Sheriff Steve Lawson

You are hereby summoned and required to serve upon Vanessa Cogdill, plaintiff's attorney, whose address is 135 Swafford LN, NW, Charleston TN 37310 a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 12th day of February, 20 26.

Gayla H Miller
Clerk

Ramyal Gram
Deputy Clerk

GAYLA H. MILLER
CIRCUIT COURT CLERK
2026 FEB 23 AM 9:53
FILED

### RETURN

I received this summons on the 12 day of February, 20 26.

I:

[X] served this summons and a complaint on defendant Sheriff Steve Lawson in the following manner:

In person to County attorney Crystal Freiberg on behalf of Sheriff Steve Lawson at the Bradley County Courthouse annex in Bradley Co Clev. TN, on 2/12/26

[ ] failed to serve this summons within 30 days after its issuance because:

Process Server John Bailey #8200

423-506-3838

### NOTICE

#### TO THE DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

Case 1:26-cv-00070-CLC-MJD   Document 1-1   Filed 03/16/26   Page 13 of 18
PageID #: 16

CIRCUIT-SUMMONS (3/02)

# STATE OF TENNESSEE
## THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

### SUMMONS *Jury Demand*

CIVIL ACTION NUMBER _____

*Vanessa R Cogdill* ) VS. *Morgan M Cantrell*

*Sheriff Steve Lawson* )

*Bradley Co TN* )

Plaintiff (s) *Bradley Co. Tennessee*    Defendant (s)

To the above-named defendant(s): *Bradley Co. Tennessee*

You are hereby summoned and required to serve upon *Vanessa Cogdill*,
plaintiff's attorney, whose address is *135 Swafford LN NW, Charleston TN 37310*,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this *12th* day of *February* , 20*22 e*.

*Gayla N. Miller* _____    *Camyal Grant* _____
　　　　Clerk 　　　　　　　　　　　　　　　　　　Deputy Clerk

---

## RETURN

I received this summons on the _____ day of _____ , 20 _____ .

I:

[ ] served this summons and a complaint on defendant _____ in the following manner:

_____

_____

[ ] failed to serve this summons within 30 days after its issuance because:_____

_____

_____

Process Server _____

---

## NOTICE

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary for wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer

Case 1:20-cv-00070-CLC-MJD    Document 1-1    Filed 03/16/20    Page 14 of 18    PageID #: 17

# STATE OF TENNESSEE
## THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

### SUMMONS

Jury Demand

CIVIL ACTION

NUMBER _V-26-086_

Vanessa R Cogdill ) VS. Morgan M Cantrell )
) Sheriff Steve Lawson )
) Bradley Co TN )

Plaintiff (s)  *Bradley Co. Tennessee*  Defendant (s)

To the above-named defendant(s): *Bradley Co. Tennessee*

You are hereby summoned and required to serve upon _Vanessa Cogdill_ ,
plaintiff's attorney, whose address is _135 Swafford LN NW, Charleston TN 37310_ ,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and tested this _12th_ day of _February_ , 20 _26_ .

_Gayla H. Miller_ _Ramyal Grant_
Clerk Deputy Clerk

### RETURN

I received this summons on the _12th_ day of _February_ , 20 _26_ .

I:

[X] served this summons and a complaint on defendant _Bradley County Tn._ in the following manner:
_IN person to Crystal Freiberg county attorney at Bradley County Courthouse annex in Bradley Co_
_2/12/26_

[ ] failed to serve this summons within 30 days after its issuance because:_____

Process Server _John Dailey #825_
_423-306-3538_

### NOTICE

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it
is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are
automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and
trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you
would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the council of a lawyer.

CIRCUIT-SUMMONS (3/02)

Case 1:26-cv-00070-CLC-MJD   Document 1-1   Filed 03/16/26   Page 15 of 18   PageID #: 18

GAYLA H. MILLER
CIRCUIT COURT CLERK
FILED
2026 FEB 23 AM 9: 53

# STATE OF TENNESSEE
# THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

**SUMMONS** *Jury Demand*

CIVIL ACTION NUMBER _V-26-086_

VanessaRCogdill ) VS. MorganMCantrell )
) Sheriff Steve Lawson )
) Bradley Co. TN )
Plaintiff (s) Defendant (s)

To the above-named defendant(s): MorganMCantrell
600 Market ST, Hamilton County Courts building

You are hereby summoned and required to serve upon Vanessa Cogdill,
plaintiff's attorney, whose address is 135 Swafford LN, NW, Charleston TN 37310,
a written answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. The same answer must be filed with the court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _12_ day of _Feb._ , 20 _86_ .

_Dela H. Miller_
Clerk

_CK_
Deputy Clerk

## RETURN

received this summons on the _____ day of _____ , 20 _____ .

[ ] served this summons and a complaint on defendant _____ in the following manner:

_____

_____

_____

[ ] failed to serve this summons within 30 days after its issuance because: _____

_____

_____

Process Server _____

## NOTICE

**TO THE DEFENDANTS:**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you

Case 1:26-cv-00070-CLD-MJD Document 1-1 Filed 03/10/26 Page 16 of 18 PageID #: 19

Vanessa Cogdill _____ vs. Morgan Cantrell, Sheriff Steve Lawson, Bradley County

I, Vanessa Cogdill _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the expenses of this case and that I am justly entitled to the relief sought to the best of my belief. The following facts support my poverty.

1. Full Name: Vanessa Rachel Cogdill
2. Address: 135 Swafford Ln NW Charleston TN
3. Telephone Number: 423-371-2174
4. Date of Birth: 04-20-1983

5. Names and Ages of All Dependents:
Kent Cogdill 17     Relationship: Son
Brendan Cogdill age 21     Relationship: Son
_____ Relationship: _____
_____ Relationship: _____

6. I am employed by: Staff EZ
My employer's address is: 615-354-3170 McMinn County TN 330 Mallory Station Rd Franklin TN 37067
My employer's phone number is: 615-354-3170

7. My Present income, after federal income and social security taxes, are deducted, is: $ 430 18 bi-monthly

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ 2400 | per month | beginning Jan 1, 2026 |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Compensation | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

| | | | | | |
|---|---|---|---|---|---|
| Rent/House Payment | $ 1750 | per month | Medical/Dental | $ 25 | per month |
| Groceries | $ 600 | per month | Telephone | $ 200 | per month |
| Electricity | $ 220 | per month | School Supplies | $ 10 | per month |
| Water | $ 25 | per month | Clothing | $ 200 | per month |
| Gas | $ _____ | per month | Child Care or | $ _____ | per month |
| Transportation | $ 150 | per month | Court Ordered Child Support | | |
| | | | Other | $ _____ | per month |

10. Assets:
Automobile   $ 6,000 (FMV) _____
Checking/Savings Account $ 87
House   $ 248,000 (FMV) _____
Other   $ _____

11. My debts are: $ 20,000
Amount Owed 20,000     Isaac Libby
$ 6,128.37     **To Whom** Southeast Financial Credit Union
6,3077.77     Southeast Financial Credit Union
19,846.26     Southeast Financial Credit Union

I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this action.

_____
PLAINTIFF

### ORDER ALLOWING FILING ON PAUPER'S OATH

It appears based upon the Affidavit of Indigency filed in this cause and after due inquiry made that the Plaintiff is an indigent person and is qualified to file case upon a pauper's oath.

| | |
|---|---|
| *Vanessa Cogdill* | vs. *Morgan Cantrell, Sheriff Steve Lawson, Bradley County* |

It is so ordered this the __10TH__ day of __Feb__, 20__24__

_____
JUDGE

### DETERMINATION OF NONINDIGENCY

It appearing based upon the Affidavit of Indigency filed in this cause and after due inquiry made that the Plaintiff is not an indigent person because _____ .

IT IS ORDERED AND AJUDGED that the Plaintiff does not qualify for filing this case on a pauper's oath.

This the _____ day of _____ , 20 _____ .

_____
JUDGE

NOTICE: If the judge determines that based upon your affidavit you are not eligible to proceed under a pauper's oath, you have the right to a hearing before the judge or, in those cases that can be appealed to Circuit Court, a hearing before the Circuit Court judge.